# In re Pedro RODRIGUEZ-RODRIGUEZ, Respondent

## File A36 636 672 - Houston

*Decided September 16, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of indecency with a child by exposure pursuant to section 21.11(a)(2) of the Texas Penal Code Annotated constitutes sexual abuse of a minor and is therefore an aggravated felony within the meaning of section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (Supp. II 1996).

Pro Se

Merilee Fong, Assistant District Counsel, for the Immigration and Naturalization Service

Before:   Board En Banc:  DUNNE, Vice Chairman; SCIALABBA, Vice Chairman; HEIL-
MAN, HURWITZ, COLE, MATHON, JONES, GRANT, and MILLER, Board
Members. Dissenting Opinions:  FILPPU, Board Member, joined by HOLMES,
VILLAGELIU, and MOSCATO, Board Members. GUENDELSBERGER, Board
Member, joined by SCHMIDT, Chairman; VACCA, and ROSENBERG, Board
Members.

HEILMAN, Board Member:

The Immigration and Naturalization Service appeals a decision of an Immigration Judge dated November 18, 1997, finding that the Service failed to meet its burden of demonstrating that the respondent is removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. II 1996), and terminating removal proceedings. We will sustain the Service's appeal and remand the record for further proceedings.

## I. ISSUE ON APPEAL

The issue is whether the crime of which the respondent was convicted, indecency with a child by exposure pursuant to section 21.11(a)(2) of the

Texas Penal Code Annotated, constitutes sexual abuse of a minor or a crime of violence and is thus an aggravated felony pursuant to sections 101(a)(43)(A) or (F) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(A) or (F) (Supp. II 1996).

## II. FACTS

The respondent was admitted to the United States as a lawful permanent resident in September 1982. On December 3, 1993, the respondent was convicted of indecency with a child by exposure, in violation of section 21.11(a)(2) of the Texas Penal Code Annotated, and was sentenced to 10 years' imprisonment. The respondent was served with a Notice to Appear (Form I-862) on October 16, 1997, and charged with removability as an alien convicted of an aggravated felony.

## III. SEXUAL ABUSE OF A MINOR

### A. Relevant Authority

The Texas statute defining the offense of indecency with a child provides as follows:

> A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>
>> (1) engages in sexual contact with the child; or
>
>> (2) exposes his anus or any part of his genitals, knowing the child is present,
> with intent to arouse or gratify the sexual desire of any person.

Tex. Penal Code Ann. § 21.11(a) (West 1993). In addition, section 21.11(c) of the Texas Penal Code Annotated states that "[a]n offense under Subsection (a)(1) is a felony of the second degree and an offense under Subsection (a)(2) is a felony of the third degree." A conviction under section 21.11(a)(2) carries a prison sentence of 2 to 10 years. Tex. Penal Code Ann. § 12.34(a) (West 1993). The statute provides for an affirmative defense to prosecution where the actor "(1) was not more than three years older than the victim and of the opposite sex; and (2) did not use duress, force, or a threat against the victim at the time of the offense." Tex. Penal Code Ann. § 21.11(b).

The Texas Penal Code Annotated also lists a separate offense of indecent exposure, which is classified as a misdemeanor. Tex. Penal Code Ann. § 21.08 (West 1993). The difference between the two provisions is that the

misdemeanor offense involves recklessness regarding the presence of any person, whereas indecency with a child requires knowledge of the presence of a child. *Sawyer v. Texas*, 655 S.W.2d 226, 228 (1983).

The definition of an aggravated felony was revised to include "sexual abuse of a minor" by section 321(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627 ("IIRIRA"). Congress did not provide a definition of sexual abuse of a minor in section 101(a)(43)(A) of the Act.

## B. Arguments on Appeal

In her decision, the Immigration Judge determined that the respondent's crime did not involve contact with a minor and therefore was not sexual abuse of a minor pursuant to section 101(a)(43)(A) of the Act. On appeal, the Service argues that the respondent's offense could be included within either section 101(a)(43)(A), defining sexual abuse of a minor, or section 101(a)(43)(F), defining a crime of violence. The Service contends that the term "sexual abuse of a minor" is broad enough to encompass indecency with a child by exposure.

## C. Discussion

We find that the term "sexual abuse of a minor" encompasses the offense of indecency with a child by exposure under section 21.11(a)(2) of the Texas Penal Code Annotated. Because Congress did not provide a definition of the term "sexual abuse of a minor," we begin our analysis by looking to principles of statutory construction. It is rudimentary that interpretation of the statutory language begins with the terms of the statute itself, and if those terms, on their face, constitute a plain expression of congressional intent, they must be given effect. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-43 (1994). Where Congress' intent is not plainly expressed, we then need to determine a reasonable interpretation of the language and fill any gap left, either implicitly or explicitly, by Congress. *Id.* at 843-44. The rules of statutory construction dictate that we take into account the design of the statute as a whole. *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988). Moreover, the paramount index of congressional intent is the plain meaning of the words used in the statute taken as a whole. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). The legislative purpose is presumed to be expressed by the ordinary meaning of the words used. *INS v. Phinpathya*, 464 U.S. 183, 189 (1984).

Section 101(a)(43)(A) of the Act includes within the definition of an aggravated felony "murder, rape, or sexual abuse of a minor." Prior to

enactment of the IIRIRA, section 101(a)(43)(A) was limited to murder. The terms rape and sexual abuse of a minor were added in an expansion of the definition of what constitutes an aggravated felony and an overall increase in the severity of the consequences for aliens convicted of crimes. *See, e.g.,* IIRIRA §§ 301(b), 110 Stat. at 3009-575 (codified as section 212(a)(9)(A)(i) of the Act, 8 U.S.C. § 1182(a)(9)(A)(i) (Supp. II 1996), and providing for the permanent inadmissibility of an alien convicted of an aggravated felony who has been previously ordered removed either under section 235(b)(1) of the Act, 8 U.S.C. § 1225(b)(1) (Supp. II 1996), or at the end of proceedings under section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996)); 303, 110 Stat. at 3009-585 (codified as section 236(c) of the Act, 8 U.S.C. § 1226(c) (Supp. II 1996), and relating to the mandatory detention of criminal aliens); 304(b), 110 Stat. at 3009-597 (repealing a provision permitting a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994)); 321, 110 Stat. at 3009-627 (codified as section 101(a)(43) of the Act and expanding the definition of an aggravated felony).

We note further that Congress added grounds of deportability for "Crimes of Domestic Violence, Stalking, or Violation of Protection Order, Crimes Against Children." IIRIRA § 350, 110 Stat. at 3009-586 (codified as section 237(a)(2)(E) of the Act). Section 237(a)(2)(E)(i) of the Act provides that "[a]ny alien who at any time after entry is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." The House conference report on the IIRIRA notes that the grounds of deportability were amended

> to provide that an alien convicted of crimes of domestic violence, stalking, or child abuse is deportable. The crimes of rape and sexual abuse of a minor are elsewhere classified as aggravated felonies . . . , thus making aliens convicted of those crimes deportable and ineligible for most forms of immigration benefits or relief from deportation.

H.R. Conf. Rep. No. 104-828, § 350, at 505-06 (1996). Congress' intent, then, was to expand the definition of an aggravated felony and to provide a comprehensive statutory scheme to cover crimes against children.

In defining the term "sexual abuse of a minor," we are not obliged to adopt a federal or state statutory provision. The Attorney General is charged with the administration and enforcement of the Act, and she has delegated to this Board the interpretation of the definition of an aggravated felony as it arises in proceedings such as these. Section 103(a)(1) of the Act, 8 U.S.C. § 1103(a)(1) (Supp. II 1996); 8 C.F.R. § 3.1 (1999). In amending the aggravated felony definition to include sexual abuse of a minor, Congress did not use the phrase "an offense described in section" and then designate a definition found in the federal statute, as it did elsewhere in section

101(a)(43) of the Act.[1] or name an offense and then, in parentheses, state "as described in" or "as defined in" a federal statute.[2] Where Congress includes particular language in one section but omits it from another, it is presumed that Congress acted intentionally and purposefully. *INS v. Cardoza-Fonseca, supra*, at 432.

We recognize, however, that removal proceedings are a function of federal law. *See Wilson v. INS*, 43 F.3d 211 (5th Cir.), *cert. denied*, 516 U.S. 811 (1995), and cases cited therein. In determining whether a specific offense falls within a classification described in deportation or removal provisions in the Act, we have looked to a federal definition. *See Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995) (using a federal definition to determine whether a crime is a felony within the meaning of 18 U.S.C. § 924(c)(2)(1994), and is therefore an aggravated felony under section 101(a)(43)(B) of the Act); *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995) (requiring comparison of the terms of individual state laws with those in 18 U.S.C. § 3607(a) (1988) in determining whether a conviction has been expunged), *superseded by Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999); *Matter of Barrett*, 20 I&N Dec. 171 (BIA 1990); *see also Taylor v. United States*, 495 U.S. 575 (1990) (holding that a state conviction for burglary constitutes such an offense under 18 U.S.C. § 924(e) when the offense's statutory definition substantially corresponds to the generic federal definition).

The term "sexual abuse of a child" is defined in 18 U.S.C. §§ 2242, 2243, 2246, and 3509(a) (1994). Under 18 U.S.C. §§ 2242 and 2243, the crimes of "sexual abuse" and "sexual abuse of a minor or ward" require a sexual act, a component of which, according to 18 U.S.C. § 2246, is contact. The Texas statute under which the respondent was convicted does not involve contact and thus does not fall within this definition. The rights of child victims and child witnesses in the context of federal proceedings are delineated in 18 U.S.C. § 3509(a). That statute defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18 U.S.C. § 3509(a)(8). Sexually explicit conduct includes lascivious exhibition of the genitals or pubic area of a person or animal. 18 U.S.C. § 3509(a)(9)(D). The Texas statute can be fairly construed to fall within this definition.

We find the definition of sexual abuse in 18 U.S.C. § 3509(a)(8) to be a useful identification of the forms of sexual abuse. This statute encom-

---

[1]*See* sections 101(a)(43)(D), (E), (H), (I), (J), (K)(ii), (iii), (L), (N), (O), (P) of the Act.
[2]*See* sections 101(a)(43)(B), (C), (F) of the Act.

passes those crimes that can reasonably be considered sexual abuse of a minor. The term "sexual abuse" is commonly defined as "[i]llegal sex acts performed against a minor by a parent, guardian, relative, or acquaintance." *Blacks Law Dictionary* 1375 (6th ed. 1990). Abuse is defined in relevant part as physical or mental maltreatment. This definition suggests that the common usage of the term includes a broad range of maltreatment of a sexual nature, and it does not indicate that contact is a limiting factor.

We note that in including child abuse as a ground of removal in section 237(a)(2)(E)(i) of the Act, Congress likewise did not refer to a particular statutory definition, although in the same section it did designate a statutory definition for the term "crime of domestic violence." By its common usage, "child abuse" encompasses actions or inactions that also do not require physical contact. *See Blacks Law Dictionary, supra*, at 239 (defining child abuse as "[a]ny form of cruelty to a child's physical, moral or mental well-being"). We recognize also that states categorize and define sex crimes against children in many different ways and find that 18 U.S.C. § 3509(a) better captures this broad spectrum of sexually abusive behavior. The definition set forth in 18 U.S.C. §§ 2242, 2243, and 2246 is, in our view, too restrictive to encompass the numerous state crimes that can be viewed as sexual abuse and the diverse types of conduct that would fit within the term as it commonly is used.

That definition is also not consistent with Congress' intent to remove aliens who are sexually abusive toward children and to bar them from any relief. Congress did not direct that crimes of sexual abuse be limited to crimes requiring contact as an element, and we do not interpret the term in that manner. Because Congress intended to provide in the Act a comprehensive scheme to cover crimes against children, we view the definition found at 18 U.S.C. § 3509(a) to be a more complete interpretation of the term "sexual abuse of a minor" as it commonly is used, and therefore to be a reasonable interpretation of that term. We are not adopting this statute as a definitive standard or definition but invoke it as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor.

Turning to the conviction at issue, we note that the crime of indecency with a child by exposure under section 21.11(a)(2) of the Texas Penal Code Annotated requires a high degree of mental culpability. The perpetrator must act both with the knowledge that he is exposing himself to a child and with the intent to arouse. There is, however, an affirmative defense for perpetrators whose age is within 3 years of the age of the child and who do not use force or duress. The severity of the penalty for a conviction under the statute demonstrates that Texas considers the crime to be serious. This respondent received the maximum sentence of 10 years' imprisonment. In consideration of these factors, we find that indecent exposure in the presence of a child by one intent on sexual arousal is clearly sexual abuse of a minor within the meaning of section 101(a)(43)(A) of the Act.

## IV. CRIME OF VIOLENCE

The Service also argues that the offense of indecency with a child by exposure satisfies the definition of a crime of violence and is therefore an aggravated felony under section 101(a)(43)(F) of the Act. Because we find that the crime falls within the definition of sexual abuse of a minor under section 101(a)(43)(A) of the Act, we need not reach this issue. Accordingly, the Service's appeal will be sustained.

## V. CONCLUSION

**ORDER:** The appeal of the Immigration and Naturalization Service is sustained.

**FURTHER ORDER:** The Immigration Judge's decision is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*DISSENTING OPINION:* Lauri Steven Filppu, Board Member, in which David B. Holmes, Gustavo D. Villageliu, and Anthony C. Moscato, Board Members, joined

I respectfully dissent.

The respondent, a lawful permanent resident since 1982, was sentenced to a maximum 10 years' imprisonment for his 1993 Texas conviction of indecency with a child by exposure. The record of conviction discloses very little about the respondent's actual criminal conduct, although it is not unreasonable to assume that the sentencing court believed the conduct to be serious in light of the 10-year sentence.

The question before us, however, is not the seriousness of the conduct. It is whether the respondent has been convicted of an aggravated felony and thus is subject to removal under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. II 1996). Section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (Supp. II 1996), states that the term "aggravated felony" means "murder, rape, or sexual abuse of a minor," without reference to the length of the sentence imposed. Unlike several other subparagraphs of section 101(a)(43), which require certain minimum sentences in order for crimes to be deemed aggravated felonies, the "sexual abuse of a minor" amounts to an aggravated felony even if the perpetrator is given a very short sentence or no sentence at all.

Congress, moreover, has not specifically directed us to employ any particular federal statute in construing the meaning or scope of the phrase "sex-

ual abuse of a minor." The majority opinion and the dissenting opinion of Board Member Guendelsberger would nonetheless link this phrase to specific provisions within the federal criminal code. Each opinion offers strong support for its position and, in my view, represents a reasonable approach to the interpretation of the phrase in question. But if Congress had wanted one or the other of these federal criminal law provisions to control our assessment, it would have been a simple matter to include the appropriate cross-reference, as Congress actually did in several of the other subparagraphs of the aggravated felony definition.

I agree that an examination of relevant federal criminal law is important in our application of this phrase. The absence of a specific cross-reference to a federal statute, however, suggests that Congress may also have wanted us to take into account the various approaches the states have adopted in dealing with sexual crimes committed against minors. This is the first time we are addressing the meaning of this phrase in the context of a decision designated as a precedent. Given this overall context, I am uncomfortable adopting today either of the two definitive positions offered by the majority and by the dissenting opinion of Board Member Guendelsberger.

In addition, I would prefer to be addressing actual cases before declaring that convictions under certain portions of the competing statutory provisions necessarily amount to sexual abuse of a minor under the majority's approach, or fall outside that category under the dissent's approach. For example, I understand that the use of a child to assist another in the lascivious exhibition of the pubic area of an animal necessarily amounts to an aggravated felony under the majority's interpretation. *See* 18 U.S.C. §§ 3509(a)(8), (9)(D) (1994). On the other hand, the dissent's approach would adopt the narrowest federal test, possibly excluding egregious conduct covered by state statutes absent actual prohibited sexual contact. *See* 18 U.S.C. §§ 2241-2246 (1994).

I do not find that we are necessarily constrained to adopt one or the other of these approaches in its entirety. I would look to both sets of provisions for guidance, but not be constrained by the precise terms of either. Congress, it appears, has left us much room to define the contours of what amounts to the "sexual abuse of a minor." I am ill at ease providing a comprehensive answer in our first effort to grapple with the question.

The record of conviction in this case charged that the respondent did "knowingly and intentionally expose his genitals to . . . a child younger than 17 years and not then and there the spouse of the defendant, knowing that the complainant was present, with the intent to arouse and gratify the sexual desire of the defendant." The indictment tracked section 21.11(a)(2) of the Texas Penal Code Annotated, indecency with a child, which makes it a felony if a person "with a child younger than 17 years and not his spouse, . . . exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

The Texas statute quite obviously addresses improper and offensive behavior. It also is not difficult to imagine some conduct falling under this statute that might come within a common sense notion of "sexual abuse of a minor." But, in the end, it is the offense as described by the terms of the statute that controls. Importantly, it is not clear to me that Congress intended to include within the scope of this phrase all sexual activity taking place with a minor present. And, as the title of the Texas statute suggests, the essential conduct that is criminalized seems most aptly described as sexual indecency in the presence of a minor, rather than sexual *abuse of* the minor.[1]

I find this to be a difficult case in many respects. Nevertheless, in the absence of some additional aggravating statutory factor, such as the sexual contact required in section 21.11(a)(1) of the Texas Penal Code Annotated, I agree with the Immigration Judge's conclusion that section 21.11(a)(2) should not be found to describe "sexual abuse of a minor." Accordingly, I would dismiss the appeal.

*DISSENTING OPINION:* John Guendelsberger, in which Paul W. Schmidt, Chairman; Fred W. Vacca and Lory Diana Rosenberg, Board Members, joined

I respectfully dissent.

The issue in this case is whether the respondent's conviction for indecency with a child by exposure pursuant to section 21.11(a)(2) of the Texas Penal Code Annotated constitutes "sexual abuse of a minor" and thus is an aggravated felony pursuant to section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (Supp. II 1996). The Immigration Judge determined that the respondent was not convicted of "sexual abuse of a minor." I agree with the Immigration Judge and would affirm her decision ordering termination of these proceedings. As discussed below, her decision is supported by well-accepted principles of statutory construction, legislative history, and the need for uniform application of the immigration law to convictions under various state laws.

In determining whether a specific offense falls within a classification described in deportation provisions under the Act, we look to a federal definition. *Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995) (holding that a federal definition applies in determining whether a state drug offense qualifies as a "felony" under 18 U.S.C. § 924(c)(2) (1994)); *see also Taylor v. United States,* 495 U.S. 575 (1990) (looking to a generic federal definition under

---

[1]Both the result and much of the reasoning in *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), are consistent with the foregoing approach to the statute. It is not apparent to me that Congress intended every crime with a sexual component involving a minor to constitute sexual abuse of a minor.

18 U.S.C. § 924(e) for a burglary offense). I therefore agree with the majority that, in defining the terms of the law pertaining to removal and deportation, we should look for guidance to a federal definition, when available. Such an approach achieves uniform results in situations where reliance upon fundamentally different state law definitions would lead to a patchwork immigration law.

I disagree, however, with the majority's determination that the appropriate reference point in federal law for defining "sexual abuse of a minor" in this case is 18 U.S.C. § 3509 (1994). That section is a social welfare provision affording protection to children in a wide variety of situations. We are not here construing a law affording rights, but are determining the extent to which a conviction will be treated as an aggravated felony for purposes of immigration law. Such a classification renders an alien removable, eliminates nearly all forms of relief from removal, and perpetually bars reentry. Given the grave consequences of such a determination, including separation from family and other ties to this country, the more appropriate reference point is the federal criminal law definition of "sexual abuse of a minor." *See* Sexual Abuse Act of 1986, Pub. L. No. 99-646, 100 Stat. 3620 (codified at 18 U.S.C. §§ 2241-2246 (1994)).

The federal criminal code defines "sexual abuse of a minor" to include "knowingly engag[ing] in a sexual act" with a minor. 18 U.S.C. §§ 2241(c) ("aggravated sexual abuse" of a minor), 2243(a) ("sexual abuse of a minor"). The term "sexual act" is specifically defined to require contact, penetration, or touching of the genitalia, not through the clothing, of another person.[1]

The federal code also criminalizes a knowing engagement in "abusive sexual contact" with a minor. *See* 18 U.S.C. § 2244(a). "Sexual contact" is defined to include "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

---

[1]The term "sexual act" is defined as follows:

(A) contact between the penis and the vulva or the penis and the anus, . . . however slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

The federal criminal law definition of "sexual abuse of a minor" is consistent with the criminal law provisions in a number of the states that have explicitly criminalized "sexual abuse" or "child sexual abuse." Among the relatively few states that have used this terminology for classifying sexual offenses, most require a sexual act or sexual contact as an essential element of the offense. Notably, when the law contains a definition of "sexual abuse," there generally is a separate provision criminalizing noncontact offenses such as indecent exposure.

Alabama law, for example, closely tracks the federal definition. Sexual abuse in the first degree is defined in terms of sexual contact with a child who is less than 12 years old, whereas sexual abuse in the second degree is defined in terms of sexual contact by one age 19 or older with a child between the ages of 12 and 16. Ala. Code §§ 13A-6-66, 13A-6-67 (1998). Alabama criminalizes indecent exposure in a provision separate from those criminalizing sexual abuse. *See* Ala. Code § 13A-6-68 (1998); *see also* Alaska Stat. § 11.41.434 (Michie 1962-1999); Idaho Code § 18-1506 (1999); Ariz. Rev. Stat. Ann. § 13-1404 (West 1998); Ark. Code Ann. § 5-14-108 (Michie 1987-1997).

The dichotomy between sexual offenses involving explicit sexual acts or contact and noncontact offenses also is reflected in the laws of those states that use terminology other than "sexual abuse" in classifying sexual offenses. The Texas statute at issue in this case makes such a distinction. *Compare* Tex. Penal Code Ann. § 21.11(a)(1) (covering contact offenses) *with* Tex. Penal Code Ann. § 21.11(a)(2) (covering exposure offenses). The respondent was convicted under section 21.11(a)(2) of indecent exposure, a less serious offense than a contact offense under section 21.11(a)(1) of the Texas statute. *See* Tex. Penal Code Ann. § 21.11(c) (designating a section 21.11(a)(1) offense as a second degree felony and a section 21.11(a)(2) offense as a third degree felony).

The majority selects the definition in 18 U.S.C. § 3509 over the more stringent requirements of 18 U.S.C. § 2243 because it divines an intent on the part of Congress, through the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), to expand the range of crimes considered aggravated felonies. Therefore, the majority reasons, it can be presumed that Congress intended the more expansive definition of sexual abuse of a minor. The non sequitur in this reasoning is apparent. Both definitions expand the categories of aggravated felonies. The critical question, however, is whether 18 U.S.C. § 2243 or 18 U.S.C. § 3509 is the more appropriate reference point in defining the coverage of the new aggravated felony ground. That question can only be answered by examining the provisions of section 101(a)(43)(A) of the Act and determining how they fit into the general scheme of removal provisions in the Act. *See K Mart Corp. v. Cartier*, *Inc.,* 486 U.S. 281, 291

(1988) (stating that the language of a statute should be construed with regard to the wording and design of the statute as a whole).

An important indication of the intended scope of the "sexual abuse of a minor" provision is its placement at the head of the list of offenses classified as aggravated felonies. While not all of the aggravated felony provisions of section 101(a)(43) of the Act are extremely serious crimes, the most grievous offenses, murder and rape, have been placed in subparagraph (A). The decision by Congress to place "sexual abuse of a minor" in section 101(a)(43)(A), alongside murder and rape, suggests that it was focusing on the most egregious offenses. Offenses involving sexual touching of, or contact with, a minor fit into this category. Lesser offenses, such as indecent exposure, do not have the same gravity as murder, rape, and sexual contact with a child.

The intended scope of "sexual abuse of a minor" in section 101(a)(43)(A) must also be assessed in light of the coverage of the other aggravated felony categories. Offenses involving child pornography, for example, are specifically designated as aggravated felonies by section 101(a)(43)(I) of the Act. These offenses include the employment or use of minors to engage in pornography or the knowing receipt or distribution of child pornography. *See* 18 U.S.C. §§ 2251-2252 (1994). Offenses against children involving violence or the threat of violence also are covered by a separate provision in the aggravated felony grounds. *See* section 101(a)(43)(F) of the Act (any crime of violence as defined in 18 U.S.C. § 16 for which the term of imprisonment is at least 1 year). This provision covers a conviction for the attempted sexual abuse of a child, *United States v. Reyes-Castro*, 13 F.3d 377 (10th Cir. 1993), as well as attempted lewd assault, *Ramsey v. INS*, 55 F.3d 580 (11th Cir. 1995), and statutory rape, *Matter of B-,* 21 I&N Dec. 287 (BIA 1996). To the extent that an indecent exposure offense were to involve duress, force, or threat against a child victim, it could be a crime of violence and thus an aggravated felony under section 101(a)(43)(F). The crime of violence and child pornography aggravated felony provisions are applied in conformity with the federal descriptions of such offenses in Title 18 of the United States Code. Likewise, section 101(a)(43)(A) should be applied in a manner consistent with the federal criminal law definition of "sexual abuse of a minor" that is set forth at 18 U.S.C. §§ 2241-2246.

A further indication of the intended scope of the term "sexual abuse of a minor" is that at the same time Congress added this ground as an aggravated felony, it enacted a new ground of removal pertaining to crimes against children, which covers any "crime of child abuse, child neglect, or child abandonment." *See* IIRIRA § 350, 110 Stat. at 3009-639 (codified at section 237(a)(2)(E) of the Act, 8 U.S.C. § 1227(a)(2)(E) (Supp. II 1996)). The term "child abuse" in this new ground of removal appears to cover all forms of indecency and exploitation of a child, including such acts as delib-

erate indecent exposure.[2]  An alien may be removable for such conduct, but may invoke remedial relief such as asylum and cancellation of removal.

The legislative history of the IIRIRA also contains compelling evidence that Congress understood the term "sexual abuse of a minor" to include only the most serious categories of sexual offenses. The House version of the IIRIRA listed "child sexual abuse" among the offenses included in a proposed new section 241(a)(2)(E) of the Act. *See* H.R. 2202, 104th Cong. § 218 (1996).  The House bill also proposed the addition of a new subparagraph to the criminal grounds for deportation (now removal) at section 241(a)(2)(F), entitled "Crimes of Sexual Violence," which was to provide as follows:

> Any alien who at any time after entry is convicted of a crime of rape, aggravated sodomy, aggravated sexual abuse, *sexual abuse*, abusive sexual contact, *or other crime of sexual violence* is deportable.

*Id.* (emphasis added).  Notably, proposed section 241(a)(2)(F) categorized "sexual abuse" as an offense involving violence or the threat of violence. It stands to reason that "child sexual abuse," as then contained in proposed section 241(a)(2)(E) of the Act, also was directed to crimes involving sexual violence.

Instead of enacting a removal ground at section 241(a)(2)(F) of the Act, though, the House recognized that such serious offenses were already covered by various provisions in the aggravated felony definition contained in the Senate version of the bill and deferred to the Senate version. *See* H.R. Conf. Rep. No. 104-828, at 494-95, 505-06 (1996), *reprinted in* 1996 U.S.C.C.A.N. 546, 627, 639-40. At the same time that proposed section 241(a)(2)(F) was deleted from the House version of the bill, the "child sexual abuse" provision was removed from what is now section 237(a)(2)(E) of the Act.

Sexual offenses involving minors cover a wide range of activity, including rape, sodomy, masturbation, and other forms of explicit sexual activity, indecent exposure, production of child pornography, as well as other forms of sexual exploitation of children. As the legislative history indicates, Congress was aware of the wide range of offenses constituting child abuse and child sexual abuse. In choosing its terms, Congress also was aware that the federal criminal law and a number of state laws employing the "sexual abuse of a minor" definition limit the range of offenses covered to those involving sexual acts or sexual contact, and do not include within their scope indecent exposure. Notably, the Model Penal Code classifies indecent exposure as a misdemeanor. *See* Model Penal Code § 213.5 (1974) (pro-

---

[2]This provision was inapplicable in the instant case because Congress limited its application to convictions occurring after the date of enactment of the IIRIRA.

viding that indecent exposure is committed when "for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, [a person] exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm").

Given this background, had Congress intended to include indecent exposure and other noncontact offenses under the term "sexual abuse of a minor," it would have explicitly so stated in the terms of the Act. Congress could easily have done so with an explicit reference to the definition in 18 U.S.C. § 3509. See, e.g., such explicit references to other statutory provisions in other subparagraphs of section 101(a)(43) of the Act. Alternatively, Congress could have used other terms, such as "lewd or lascivious conduct with a child," to cover offenses including indecent exposure.

Relying upon what it characterizes as a generally restrictive intent in the IIRIRA, the majority resolves doubts as to the intended scope of the provision at issue by selecting the approach that sweeps most broadly in effectuating removal and limiting relief. Such an expansive reading, the majority reasons, will best advance the general intent of Congress to remove criminal aliens. This approach, however, completely ignores the principle that ambiguities in statutory interpretation must be resolved through reasonable interpretations in favor of the alien. *See Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948) (noting that "[w]e resolve the doubts in favor of that construction [generous to the alien] because deportation is a drastic measure and at times the equivalent of banishment or exile"). Even in a case in which a less generous reading "might find support in logic," we should "not assume that Congress meant to trench on . . . freedom beyond that which is required by the narrowest of several possible meanings of the words used." *Id.; see also INS v. Cardoza-Fonseca,* 480 U.S. 421, 449 (1987) (noting the "longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien"); *INS v. Errico*, 385 U.S. 214, 225 (1966) (holding that doubts regarding the correct construction of a statute affording relief from deportation should be resolved in the alien's favor); *Matter of Tiwari*, 19 I&N Dec. 875, 881 (BIA 1989).

I agree with the dissenting opinion of Board Member Filppu insofar as it concludes that there are some types of "indecent" sexual activity, including the indecent exposure criminalized by the Texas statute, which do not amount to "sexual abuse" of a minor. I reach that conclusion, however, based on the federal criminal law definition of the term selected by Congress.[3] When we have the choice of a reasonable approach to defining

---

[3]In *United States v. Baron-Medina*, 187 F.3d 1144, 1999 WL 626876 (9th Cir. 1999), the court held that a conviction under section 288(a) of the California Penal Code for "lewd or lascivious acts" with a child under age 14 would be a conviction for "sexual abuse of a minor" under section 101(a)(43)(A) of the Act. In so holding, the court rejected suggestions that it

an aggravated felony provision, and Congress has not indicated which of the reasonable approaches it prefers, we are constrained to apply that which least impinges upon the availability of relief from removal. We cannot simply follow our inclinations, on a case-by-case basis, as to which crimes we will find sufficiently repugnant to treat as aggravated felonies.

The classification of a crime as an aggravated felony occasions severe consequences, barring a respondent from relief from removal without regard to equities such as lengthy residence or family ties in this country. In this case, section 101(a)(43)(A) of the Act should be construed with reference to 18 U.S.C. §§ 2241-2246 in answering the question whether contact ought to be an essential element of the offense. We overstep our bounds as an administrative agency in moving to a more restrictive approach in the absence of a clear directive from Congress that it intended such a broad reading.

For the reasons stated above, the respondent's conviction for indecent exposure under the Texas statute is not a conviction for "sexual abuse of a minor" under section 101(a)(43)(A) of the Act. I would therefore affirm the order of the Immigration Judge and dismiss the Service's appeal.[4]

---

should consult the federal sexual abuse laws in Title 18 of the United States Code for guidance in determining the scope of the term "sexual abuse of a minor." Notably, the California statute before the court in *Baron-Medina* required proof of a "lewd or lascivious act . . . *upon or with the body, or any part or member thereof*, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child." Cal. Penal Code § 288(a) (West 187) (emphasis added). The court found it obvious that such an offense would be within the "common, everyday meaning[]" of sexual abuse of a minor. *United States v. Baron-Medina, supra*, at 1147. The instant case, however, involves conduct not covered by section 288(a) of the California Penal Code, and not so easily resolved by resort to a common, everyday meaning. As indicated by the split decision in this case, reasonable persons may disagree as to whether an exposure offense involving no touching or contact is "sexual abuse of a minor." In resolving the more difficult question presented by the statute at issue in this case, the definition of "sexual abuse of a minor" in the federal criminal law, as well as the legislative history referred to above, should be relevant and indispensable in determining whether the offense constitutes an aggravated felony within the meaning of section 101(a)(43)(A).

[4]On appeal, the Service asserts that the respondent's conviction was for a crime of violence and, therefore, is an aggravated felony under section 101(a)(43)(F). The Service did not raise this issue before the Immigration Judge; nor did the Service afford the respondent notice or an opportunity to be heard on this issue. Under these circumstances, the "crime of violence" issue has not been properly raised and preserved for appeal. *See Xiong v. INS,* 173 F.3d 601 (7th Cir. 1999) (holding that due process would be violated were the court to uphold the deportation order on a ground that was not presented to the Immigration Judge).