# In re Jung Tae SUH, Respondent

File A73 685 634 - Atlanta

*Decided July 1, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A presidential or gubernatorial pardon waives only the grounds of removal specifically set forth in section 237(a)(2)(A)(v) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(v) (2000), and no implicit waivers may be read into the statute.

(2) The respondent's pardon did not waive his removability as an alien convicted of a crime of domestic violence or child abuse under section 237(a)(2)(E)(i) of the Act, because that section is not specifically included in section 237(a)(2)(A)(v).

FOR RESPONDENT: Marshall L. Cohen, Esquire, Atlanta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY:[1] Molly S. Frazer, Assistant District Counsel

BEFORE: Board Panel: HOLMES, Acting Vice Chairman; HURWITZ and MILLER, Board Members.

HOLMES, Acting Vice Chairman:

This case was last before us on August 31, 2001, when we dismissed the respondent's appeal. We found that the respondent was no longer removable as an aggravated felon under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), because his conviction for sexual battery of a minor had been pardoned by the state of Georgia. However, we concluded that the pardon did not waive his removability as an alien convicted of a crime of domestic violence or child abuse under section 237(a)(2)(E)(i) of the Act.

The case is now before us on remand from the May 14, 2002, order of the United States Court of Appeals for the Eleventh Circuit. In its order, the court granted the Government's motion to remand. The Government sought a remand for the Board to consider "whether a full and unconditional presidential or gubernatorial pardon could implicitly remove the immigration

---

[1] We note that the functions of the Immigration and Naturalization Service have been transferred to the Department of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

consequences of a crime."  Pursuant to our request, both parties filed briefs on this issue following the court remand.

Section 237(a)(2)(A)(v) of the Act specifies the effect of a presidential or gubernatorial pardon on certain grounds of removability.  It states that "[c]lauses (i), (ii), (iii), and (iv)" of section 237(a)(2)(A) "shall not apply" where such a pardon has been granted.  It thereby provides for an automatic waiver of removability where a pardon has been granted for (i) crimes of moral turpitude, (ii) multiple criminal convictions, (iii) aggravated felonies, and (iv) certain high speed flight convictions.  There is no comparable provision regarding pardons that would cover convictions for other offenses that render an alien removable, such as acts of domestic violence or child abuse pursuant to section 237(a)(2)(E)(i), under which the respondent was charged.  Other removable offenses, such as controlled substance violations under section 237(a)(2)(B), certain firearm offenses under section 237(a)(2)(C), and violations of protection orders under section 237(a)(2)(E)(ii), are similarly not covered by the pardon waiver of section 237(a)(2)(A)(v) of the Act.

The respondent points out that his sexual battery conviction, which was pardoned, is the only basis for both charges of removability brought against him.  He argues that it is illogical and irrational to say that this one offense "is both qualified and unqualified for a pardon waiver."  He also asserts that the law should be interpreted to allow pardons to waive minor criminal offenses, as it clearly provides a waiver for very serious offenses that have been pardoned.  Finally, the respondent contends that in adding the new removal ground for crimes of domestic violence and child abuse in 1996, Congress did not intend to eliminate waivers based on pardons for such crimes.

The Department of Homeland Security ("DHS"), formerly the Immigration and Naturalization Service, argues that section 237(a)(2)(A)(v) of the Act clearly states what offenses may be waived for immigration purposes when a pardon has been granted, and that no further "implicit" waivers should be read into the statute.  The DHS points out that when Congress added the domestic violence and child abuse provisions to the Act with the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), it did not provide for a waiver of those offenses upon the granting of a pardon.  IIRIRA § 350(a), 110 Stat. at 3009-640.  Yet Congress did add a criminal offense to the list of those that could be waived following a pardon.  Specifically, Congress included conviction for a high speed flight offense as a ground for removal and also provided that this offense could be waived, if pardoned.  Sections 237(a)(2)(A)(iv), (v) of the Act.

We agree with the DHS that the respondent's pardon does not waive his removability under section 237(a)(2)(E)(i) of the Act. The plain language of the statute clearly states which grounds of removal are waived if a pardon is granted, and the domestic violence and child abuse offenses are not among those enumerated. Where the plain language of the statute is clear, we will give effect to that language. *See, e.g.*, *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001). Further, as noted above, when Congress enacted the IIRIRA, it added one new offense, high speed flight, to the list of crimes that may be waived by a pardon, but it did not include the new domestic violence and child abuse offenses in that list. Where such a provision is included in one section but not in another, it is presumed that Congress acted intentionally and purposefully. *See Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999).

The respondent argues that finding no "implicit" waiver of removability where a pardon has been granted can potentially lead to results that seem illogical or unfair. However, we find no legally supportable basis for inferring that a waiver is available where the statute so clearly states which removal grounds may be waived. The domestic violence and child abuse provisions are not waived by a pardon under the statute as presently enacted by Congress. We therefore find that no actual or implied waiver is available to the respondent with regard to his removability under section 237(a)(2)(E)(i) of the Act. Accordingly, we again find that the respondent is removable under section 237(a)(2)(E)(i) and will dismiss his appeal.

**ORDER:** The respondent's appeal from the Immigration Judge's decision finding him removable under section 237(a)(2)(E)(i) of the Act is dismissed.