**Cesar Arios CLARO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–76015.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2007.

Filed Jan. 14, 2008.

Emmanuel G. Guerrero, Esq., Honolulu, HI, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Cesar Arios Claro, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an immigration judge ("IJ") finding Claro removable for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ ruled that Claro's conviction for sexual assault in the third degree under Haw.Rev.Stat. § 707–732(1)(b) constituted sexual abuse of a minor, which is classified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).[1]

To determine whether a crime is an aggravated felony, we apply the categorical approach under *Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Parilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005). Claro argues that the crime of conviction is not categorically an aggravated felony because it lacks the element of sexual intent. *See, e.g., Matter of Rodriguez–Rodriguez*, 22 I. & N. Dec. 991, 995 (BIA 1999) (adopting a definition of sexual abuse of a minor that includes "intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person" (citing 18 U.S.C. § 3509(a)(9))). However, in *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007) (per curiam), the Supreme Court clarified that the categorical

approach requires "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." Therefore, if "the conduct encompassed by the elements of the offense, in the ordinary case," would fall within the generic crime, *James v. United States*, —— U.S. ——, 127 S.Ct. 1586, 1594, 167 L.Ed.2d 532 (2007), the burden shifts to the petitioner to "point to his own case or other cases in which the state courts did in fact apply the statute in the special (nongeneric) manner for which he argues," *Duenas–Alvarez*, 127 S.Ct. at 822.

Claro has pointed to no cases in which the Hawaii courts applied the sexual assault in the third degree statute to what he deems "playful contact without any sexual intent at all," nor does he argue that his own conduct in touching the sexual or intimate body parts of five different victims under age fourteen was innocuous. Furthermore, the Hawaii Supreme Court has rejected the notion that innocuous contact would be prosecuted as sexual assault. *See State v. Hicks*, 113 Hawai'i 60, 148 P.3d 493, 506–09 (2006); *accord State v. Richie*, 88 Hawai'i 19, 960 P.2d 1227, 1240 (1998). Since Claro has failed to carry his burden under *Duenas–Alvarez*, we hold that the crime of conviction is categorically an aggravated felony. *See Emile v. INS*, 244 F.3d 183, 188 (1st Cir.2001) (holding that the crime of conviction, which lacked a sexual intent element, was categorically sexual abuse of a minor because there was no evidence that the state courts applied the statute to "conduct other than inten-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the Department of Homeland Security subsequently amended the Notice to Appear to include a charge of removability for conviction of a crime involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(i), the IJ did not explicitly find Claro removable on this ground.

tional touchings of a sexual character directed against minors").

**PETITION FOR REVIEW DENIED.**