**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



KAMAL AHMED,

           Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 07-72885

Agency No. A045-051-570

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2012
Pasadena, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES, District
Judge.[**]

Kamal Ahmed petitions for review of the order of the Board of Immigration

Appeals ("BIA") affirming the conclusion of the Immigration Judge ("IJ") that he

is removable because his Nevada conviction for open or gross lewdness counts as a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

conviction for sexual abuse of a minor, an aggravated felony.  Because the BIA

used the "modified categorical approach" in reaching its conclusion, we deferred

submission of this case pending *United States v. Aguila-Montes de Oca*, 655 F.3d

915 (9th Cir. 2011) (en banc).

The IJ compared the crime of conviction in this case to the generic crime of

sexual abuse of a minor as articulated in *In re Rodriguez-Rodriguez*, 22 I. & N.

Dec. 991, 995–96 (B.I.A. 1999).  *See Shepard v. United States*, 544 U.S. 13, 16

(2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).  Subsequently, we held

in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1156–58 & n.7 (9th Cir. 2008)

(en banc), *abrogated on other grounds by Aguila-Montes*, 655 F.3d 915, that the

vague definition in *Rodriguez-Rodriguez* was contrary to congressional intent.

Given the clear language criticizing the BIA's operative definition, we conclude

that its use in this case was reversible error.[1]

Furthermore, the BIA gave a lengthy analysis of its understanding of the

modified categorical approach.  In doing so, it addressed much of our precedent at

the time, and it responded in part to concerns expressed in Judge Kozinski's

---

[1]We have since held in *United States v. Medina-Villa* that another, more general definition of sexual abuse of a minor is also viable.  567 F.3d 507, 514–16 (9th Cir. 2009).  We express no opinion here as to how the definition in *Rodriguez-Rodriguez* compares to that in *Medina-Villa* or what kind of definition, should it be adopted by BIA, would be upheld under either *Estrada–Espinoza* or *Medina-Villa*.

concurrence in *Li v. Ashcroft* that reliance on the modified categorical approach in a case in which the statute of conviction was missing an element of the generic offense would be unfair to defendants, 389 F.3d 892, 899–901 (9th Cir. 2004) (Kozinski, J., concurring). Because we addressed these issues in *Aguila-Montes*, 655 F.3d at 922–26 & n.6, 937–38, we believe remand is appropriate so that the BIA can respond to these developments in the law and determine whether the factfinder in this case was "actually required," *id.* at 935–40, to find that the victim was a minor.

**PETITION GRANTED AND REMANDED.**