**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2164
_____

ISSA ABDEL JABBAR,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-665-023)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2012
Before:  SMITH, GREENAWAY, JR., and WEIS, Circuit Judges

(Opinion filed: January 2, 2013)
_____

OPINION
_____

PER CURIAM.

Petitioner Bahjat Issa Abdel Jabbar, a citizen of Jordan, has been convicted of two

criminal offenses.  In 1995, he pleaded guilty to one count of criminal sexual contact.

Administrative Record (A.R.) 153–54.  In 2006, Jabbar was charged with various

1

sexually based offenses, ultimately pleading guilty to one count of third-degree endangering of the welfare of a child, in violation of N.J. Stat. Ann. § 2C:24-4(a). A.R. 116. The background of the crime was revealed in the plea colloquy: Jabbar masturbated in front of a minor, knowing that he would "debauch the morals" of the minor. A.R. 121.

In 2011, Jabbar was charged with removability on the basis of 1) his conviction of an aggravated felony for violating "a law relating to murder, rape[,] or sexual abuse of a minor," and 2) his conviction of two crimes involving moral turpitude (CIMTs). A.R. 190; see also 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). He contested both charges, but the Immigration Judge (IJ) sustained them. See A.R. 11–14. The Board of Immigration Appeals (BIA) affirmed, holding that: 1) under the modified categorical approach of Shepard v. United States, 544 U.S. 13 (2005), the second conviction was an aggravated felony; and 2) both offenses were CIMTs. A.R. 4–5. The BIA deemed it unnecessary to determine whether the first offense was an aggravated felony, and noted that Jabbar "d[id] not otherwise appear eligible for any form of relief from removal." A.R. 5. This timely petition for review followed.[1]

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a) to review whether Jabbar's offenses were CIMTs or aggravated felonies. See 8 U.S.C. § 1252(a)(2)(D); Singh v. Att'y Gen., 677 F.3d 503, 508 (3d Cir. 2012); Mehboob v. Att'y Gen., 549 F.3d 272, 274–75 (3d Cir. 2008). We do so de novo, "though our review is subject to the principles of deference articulated in Chevron v. Natural Resources Defense Council, 467 U.S. 837, 844 (1984)." Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012) (internal quotation marks omitted). "Because the BIA did not summarily affirm the IJ's order but instead issued a separate opinion, we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred to it." Id.

At the outset, we note that Jabbar will prevail only if the agency erred in *both* of its primary determinations: that he was convicted of an aggravated felony *and* of two CIMTs. We conclude that his second offense was an "aggravated felony" and need not reach the issue of CIMTs.[2]

Pursuant to the Immigration and Nationality Act (INA), an "aggravated felony" is defined as, inter alia, a conviction for "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A); see also Restrepo v. Att'y Gen., 617 F.3d 787, 791 (3d Cir. 2010). Jabbar argues that "Endangering the Welfare of Children," the umbrella crime of conviction, "is a confounding statute in that it prohibits a large variety of behaviors under one section of statute." Pet'r's Br. 31. He insists that the specific subsection under which he was convicted, N.J. Stat. Ann. § 2C:24-4(a),[3] is not covered by the definition of "aggravated felony" recited above. Pet'r's Br. 34. Jabbar also relies on Stubbs v. Attorney General, 452 F.3d 251 (3d Cir. 2006), for the proposition that convictions under

---

[2] Jabbar's status as an aggravated felon also renders him ineligible for cancellation of removal. See 8 U.S.C. § 1229b(a)(3).

[3] This pertinent portion of the statute reads:

Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child . . . is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the third degree.

N.J. Stat. Ann. § 2C:24-4(a). Since Jabbar was convicted of the third-degree offense, his conduct falls under the "any other person" subpart above.

§ 2C:24-4(a) are categorically not of a kind with "sexual abuse of a minor." Pet'r's Br. 34 (citing Stubbs, 452 F.3d at 256).

We do not agree. For starters, Stubbs does not stand for the overarching principle that Jabbar ascribes to it. Jerome Stubbs did indeed plead guilty to the same charge levied against Jabbar, and the charging document in that case also used much of the same language. See Stubbs, 452 F.3d at 252. Observing that the statute in question covered a variety of offenses, we concluded that departure from the "categorical approach" was appropriate and that the BIA therefore properly referred to the charging document in reaching its conclusion. Id. at 253–54. We further decided, however, that the record before the agency did not support equating Stubbs's conviction with "sexual abuse of a minor" under the INA's aggravated felony definition. Id. at 255–56.

The key distinction between Stubbs and the present case, and one that Jabbar overlooks, is that Stubbs took place in a factual vacuum; all that was within the grasp of this Court and the agency was the charging document. In the case at hand, by contrast, the transcript of the formal plea colloquy[4] establishes that Jabbar pleaded guilty to masturbating in front of a fifteen-year-old boy in a vehicle during the wee hours of the morning. See A.R. 121. Thus, unlike in Stubbs, we are certain that an incident with a

---

[4] The formal plea colloquy may be consulted under the modified categorical approach. See Singh v. Ashcroft, 383 F.3d 144, 163 (3d Cir. 2004)

4

minor "actually occurred." <u>Stubbs</u>, 452 F.3d 251 at 256.[5]

Jabbar also argues that the BIA's analysis was faulty because his offense did not "involve" the minor, who was at most a passive observer. Pet'r's Br. 37. This contention is forestalled by <u>In re Rodriguez-Rodriguez</u>, 22 I. & N. Dec. 991 (B.I.A. 1999) (en banc), in which the BIA squarely held that the alien's offense—indecently exposing himself with the knowledge that a child was present with the intent to gratify the sexual desire of "any person"—constituted "sexual abuse of a minor." <u>Id.</u> at 993. The BIA further emphasized that contact was not a required element of sexual abuse, <u>id.</u> at 996. We have determined that <u>Rodriguez-Rodriguez</u> is a reasonable interpretation of the INA and is entitled to <u>Chevron</u> deference. <u>See</u> <u>Restrepo</u>, 617 F.3d at 796. If "indecent exposure in the presence of a child by one intent on sexual arousal is clearly sexual abuse of a minor," <u>Rodriguez-Rodriguez</u>, 22 I. & N. Dec. at 996, it follows that masturbation in front of a minor by one intent on sexual arousal must also be so.

Thus, Jabbar's second offense meets the definition of a "sexual abuse of a minor" aggravated felony under the INA. Because the BIA's decision is supportable on that basis alone, we need venture no further; the petition for review will be denied. The Government's motion to dismiss the petition for lack of jurisdiction is denied as well.

---

[5] The BIA relied on one of our nonprecedential decisions in which we reached the same conclusion. <u>See generally</u> <u>Ramirez v. Att'y Gen.</u>, 376 F. App'x 225 (3d Cir. 2010). Jabbar argues that the BIA's reliance on that decision was improper, but it was at most unnecessary because our conclusion flows from existing precedent.