NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1274

———————

JUAN ARTURO PEREZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA: A070-436-978)
Immigration Judge: Matthew Watters

———————

Argued on November 18, 2021

Before: AMBRO, JORDAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 26, 2022)

Michael S. DePrince (**Argued**)
Troutman Pepper Hamilton Sanders
401 9th Street, N.W.
Suite 600
Washington, DC  20004

Christopher R. Healy
Sara A. Mohamed
Anthony C. Vale
Troutman Pepper Hamilton Sanders

3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Brett A. Tarver
Troutman Pepper Hamilton Sanders
600 Peachtree Street, N. E.
Suite 3000, Bank of America Plaza
Atlanta, GA 30308

Counsel for Petitioner

Robert M. Stalzer **(Argued)**
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

———

OPINION[*]

———

AMBRO, Circuit Judge

Juan Perez, a citizen of El Salvador, seeks review of a Board of Immigration

Appeals (BIA) decision affirming an immigration judge's finding that Perez was

removable. The BIA found Perez deportable for having a prior aggravated felony of

attempted "sexual abuse of a minor," as that term is used in the Immigration and

Nationality Act (INA), 8 U.S.C. §§ 1101(a)(43)(A),(U), 1227(a)(2)(A)(iii). He

challenges the BIA's holding that his prior conviction under D.C. Code §§ 22-1803 and

———

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

22-3009 qualifies as a conviction for attempted "sexual abuse of a minor." Because we agree Perez's conviction is a categorical match to attempted "sexual abuse of a minor" in the INA, we deny the petition for review.

## I.

Perez worked as a teacher at an early childhood education center. Over a period of about four months across 2017 and 2018, he repeatedly touched the clothed genitals of a student in the classroom. The victim was eight-years old, and Perez was sixty-five at the time. Perez instructed her not to tell anyone about the abuse. In 2018, he pled guilty to attempted second-degree child sexual abuse in violation of D.C. Code §§ 22-1803 and 22-3009. Perez received a two-year sentence and served six months' imprisonment.

While Perez was incarcerated, the Department of Homeland Security (DHS) began removal proceedings. It said he was removable as a noncitizen who had committed attempted "sexual abuse of a minor," an aggravated felony under the INA. *See* 8 U.S.C. §§ 1101(a)(43)(A), (U), 1227(a)(2)(A)(iii). In his removal proceeding, Perez argued his conviction for attempted second-degree child sexual abuse under D.C. Code §§ 22-1803 and 22-3009 did not constitute attempted "sexual abuse of a minor."[1] But the Immigration Judge disagreed.

Perez appealed to the BIA. It agreed his conviction under D.C. Code §§ 22-1803 and 22-3009 was an aggravated felony for purposes of the INA. He timely filed this petition for review.

---

[1] Perez also applied for an adjustment of status and a waiver of inadmissibility, but he does not press these issues as part of his petition for review.

3

## II.

To determine whether a conviction is an "aggravated felony" under the INA, we apply the categorical approach. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *Rosa v. Att'y Gen.*, 950 F.3d 67, 73 (3d Cir. 2020). What this means is that prior convictions under a non-federal statute are a categorical match to a generic federal offense when the minimum conduct criminalized by the prior offense necessarily falls within the scope of the generic federal offense. *See Rosa*, 950 F.3d at 73. In other words, if someone could have the prior conviction for conduct that would not satisfy the elements of the generic offense, then the conviction is not a categorical match for the generic offense. The comparison is based on the statutes; the defendant's actual criminal conduct is irrelevant. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Absent a categorical match, the prior conviction is not an "aggravated felony" for the INA. *Rosa*, 950 F.3d at 73.

Perez advances two arguments for why D.C.'s second-degree child sexual abuse law is broader than generic "sexual abuse of a minor" in the INA. First, he argues the generic INA offense is limited to contact instigated to cause sexual arousal or gratification, while D.C. law allows a conviction when the contact is done with the intent to "abuse, humiliate, harass, [or] degrade." D.C. Code § 22-3001(9). Second, Perez argues the generic INA offense is narrower than the D.C. offense because the D.C. Code does not permit a mistake-of-age defense. This second argument, Perez concedes, is now foreclosed by our recent decision in *K.A. v. Attorney General*, 997 F.3d 99, 113 (3d Cir. 2021) ("[T]he categorical approach . . . considers only the elements of an offense, and not affirmative defenses."). As a result, we need only discuss Perez's first contention.

4

We give deference to the BIA's own definition of "sexual abuse of a minor," *see Cabeda v. Att'y Gen.*, 971 F.3d 165, 171 (3d Cir. 2020), and here its definition is dispositive. It held in *Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (B.I.A. 1999), that "sexual abuse of a minor" must at least cover the conduct criminalized by 18 U.S.C. § 3509(a)(8). 22 I. & N. Dec at 995–96 (explaining § 3509(a)(8) "encompasses those crimes that can reasonably be considered sexual abuse of a minor"); *see also id.* at 995 ("Because Congress intended to provide in the Act a comprehensive scheme to cover crimes against children, we view the definition found at 18 U.S.C. § 3509(a) to be a more complete interpretation of the term 'sexual abuse of a minor' as it commonly is used."). Included in § 3509(a)(8)'s definition of "sexually explicit conduct" is "sexual contact," which is itself defined as "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." § 3509(a)(8), (9). The intent portion of this definition is materially identical to the intent element in D.C. Code § 22-3001(9).[2]

Thus, the intent element of the District of Columbia's second-degree child sexual abuse law falls within the scope of the BIA's definition of "sexual abuse of a minor." Indeed, we reached essentially the same result when comparing the INA to New Jersey's child sex abuse law. *See Grijalva Martinez v. Att'y Gen.*, 978 F.3d 860, 868 (3d Cir.

---

[2] Because § 3509(a)(8) provides a dispositive definition, we need not augment the BIA's definition using the standard tools of statutory interpretation. Thus, this case differs from *Cabeda*, where § 3509(a) was silent on the question at issue. *Cabeda*, 971 F.3d at 173.

2020) (holding that the definition of "sexual contact" in N.J. Stat. Ann. § 2C:14-1(d), which requires acting "for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor," falls within the scope of the generic INA offense). Because generic "sexual abuse of a minor" in the INA includes actions committed with the intent to abuse, humiliate, harass, or degrade, there is a categorical match between D.C. Code § 22-3001 and the INA.

*   *   *   *   *

We thus deny the petition for review.