09-4834-ag
Oouch v. Holder

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Submitted: September 2, 2010    Decided: January 28, 2011)

Docket No. 09-4834-ag

- - - - - - - - - - - - - - - - - - - - - -x

ALEXANDER OOUCH, a.k.a. ALEXANDER STASHA, a.k.a. ALEXANDER
OUSH,

Petitioner,

- v.-

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ERIC H.
HOLDER, JR., in his capacity as Attorney General of the
United States,

Respondents.

- - - - - - - - - - - - - - - - - - - - - -x

Before:        JACOBS, Chief Judge, RAGGI, Circuit
               Judge, RAKOFF, District Judge.*

Petitioner seeks review of an October 23, 2009 decision

of the Board of Immigration Appeals, dismissing his appeal

from a June 1, 2009 decision of an immigration judge deeming

---

* The Honorable Jed S. Rakoff, District Judge, United
States District Court for the Southern District of New York,
sitting by designation.

him removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) and denying cancellation of removal, for his conviction of use of a child in a sexual performance in violation of N.Y. Penal Law § 263.05.  **DISMISSED.**

FREDERICK P. KORKOSZ, Pearson & Korkosz, Albany, NY, for Petitioner (on submission).

STEFANIE NOTARINO HENNES, Office of Immigration Litigation, United States Department of Justice, Washington, DC (Tony West, Leslie McKay, and Kelly J. Walls on the brief), for Respondents (on submission).

DENNIS JACOBS, Chief Judge:

Petitioner Alexander Oouch, a native and citizen of Russia, was convicted of (inter alia) the use of a child in a sexual performance in violation of New York Penal Law ("N.Y.P.L.") § 263.05.  Based on that conviction, the Department of Homeland Security issued a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii) for the aggravated felony of "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A).[1]  On June 1,

---

[1] Oouch was also convicted of N.Y.P.L. § 263.16, Possessing a Sexual Performance by a Child, which could have been a ground for removability under 8 U.S.C. § 1101(a)(43)(I).  The Notice to Appear, however, did not list the conviction as a ground for removal.

2009, an immigration judge determined he was removable and ineligible for cancellation of removal.

The Board of Immigration Appeals ("BIA") dismissed his appeal on October 23, 2009, applying the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990), to determine that the conviction was an aggravated felony. The BIA reasoned that, although N.Y.P.L. § 263.05 is divisible, all divisions constitute sexual abuse of a minor, so that any conviction under the statute constitutes an aggravated felony.

Oouch filed a timely petition for our review, which presents a question of law: whether N.Y.P.L. § 263.05 constitutes an "aggravated felony" for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). We dismiss the petition.

**I**

An alien who has committed an aggravated felony can be removed from the country upon the order of the Attorney General. See 8 U.S.C. § 1227(a)(2)(A)(iii). We lack jurisdiction to review any final order removing an alien who committed an aggravated felony covered in § 1227(a)(2)(A)(iii). See § 1252(a)(2)(C). We retain

3

jurisdiction, however, to determine constitutional claims and questions of law that arise from BIA proceedings. See § 1252(a)(2)(D). Whether an offense is an aggravated felony for purposes of the immigration laws is a question of law. See Blake v. Gonzales, 481 F.3d 152, 155-56 (2d Cir. 2007). We review these legal and constitutional issues de novo. Pierre v. Gonzales, 502 F.3d 109, 113 (2d Cir. 2007).

One category of aggravated felony is "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Oouch was charged with removability on that basis. We therefore consider, de novo, whether a violation of N.Y.P.L. § 263.05 constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), with Chevron deference as to the BIA's construal of the Immigration and Nationality Act ("INA"), see Joaquin-Porras v. Gonzales, 435 F.3d 172, 178 (2d Cir. 2006). The inquiry determines our jurisdiction: If Oouch's conviction is an aggravated felony, we must dismiss the petition for lack of jurisdiction; if not, we may exercise jurisdiction and vacate the order of removal. See Sui v. INS, 250 F.3d 105, 110 (2d Cir. 2001).

**A**

4

The BIA is charged with interpreting and enforcing the INA, including 8 U.S.C. § 1101(a)(43)(A).  See § 1103(a)(1); 8 C.F.R. § 1003.1.  The BIA's interpretation of the INA is entitled to the deference prescribed in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Joaquin-Porras, 435 F.3d at 178; Sui, 250 F.3d at 111-12.  Congress provided no further definition of the term "sexual abuse of a minor" in § 1101(a)(43)(A).  Since the term is not self-defining and is of uncertain reach, we cannot conclude in this case that the intent of Congress is manifest.

The BIA analyzed and interpreted the term "sexual abuse of a minor" in In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 994-96 (BIA 1999).  In so doing, it consulted other federal statutes that define similar sex offenses.  The narrow definition of "sexual abuse" in 18 U.S.C. §§ 2242, 2243, and 2246 was deemed inapposite because it required contact with the victim.  Id. at 996.  Instead, the BIA adopted the meaning of "sexual abuse" in 18 U.S.C. § 3509[2]

---

[2] The statute concerns the rights of child victims and child witnesses.  18 U.S.C. § 3509(a)(8) states:

> [T]he term "sexual abuse" includes the employment, use, persuasion, inducement, enticement, or

to operate as a "guide in identifying the types of crimes [it] would consider to be sexual abuse of a minor." Id. The BIA adopted so broad and flexible a definition in view of the congressional intent to "expand the definition of an aggravated felony and to provide a comprehensive statutory scheme to cover crimes against children" through the grounds of deportability added by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546. Id. at 994, 996.

We have already held that this definition is entitled to Chevron deference. See Mugalli v. Ashcroft, 258 F.3d 52, 56 (2d Cir. 2001). Oouch urges us to follow the Ninth Circuit's in banc decision to the contrary in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir. 2008) (in banc), which declined to give Chevron deference to Rodriguez-Rodriguez in a case involving a statutory rape statute. But since Estrada-Espinoza is contrary to Mugalli,

---

coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.

"Sexually explicit conduct" is defined further in § 3509(a)(9).

we adhere to our Circuit law.[3]

**B**

In assessing whether an alien's conviction renders him removable, we use a categorical approach that looks to the elements of the penal statute rather than the particulars of the alien's conduct. Taylor, 495 U.S. at 602; Canada v. Gonzales, 448 F.3d 560, 565 (2d Cir. 2006). The inquiry is whether "every set of facts violating a statute" satisfies the criteria for removability; in effect, only the minimum criminal conduct necessary for a conviction is relevant. Abimbola v. Ashcroft, 378 F.3d 173, 176 (2d Cir. 2004).

The inquiry gets complicated when a criminal statute proscribes several classes of criminal acts--some of them grounds for removal, and some not. See Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d 116, 121-22 (2d Cir.

---

[3] Other circuits that have considered the issue have either expressly granted deference to Rodriquez-Rodriquez or have assumed that § 3509(a)(8) provides an appropriate definition of "sexual abuse of a minor." See, e.g., Gaiskov v. Holder, 567 F.3d 832, 838 (7th Cir. 2009); Bahar v. Ashcroft, 264 F.3d 1309, 1312 (11th Cir. 2001). As it happens, the Ninth Circuit has retreated from its analysis, and has limited Estrada-Espinoza to statutory rape laws. See United States v. Medina-Villa, 567 F.3d 507, 515 (9th Cir. 2009).

7

2007), abrogated on other grounds by Nijhawan v. Holder, 129 S. Ct. 2294, 2298 (2009). For such a "divisible statute," the record of conviction may be reviewed under a modified categorical approach to ascertain which class of criminal act furnished the basis for the defendant's conviction. See, e.g., id. at 124-27. We have not yet fixed on an approach for determining when a statute is thus divisible.[4] There is no need to do that now, however; N.Y.P.L. § 263.05 is drafted as discrete offenses in a disjunctive list. It is settled in this Circuit that such structure establishes divisibility, if one or more offenses in the list (but not all) are grounds for removal. See id. at 126.

We must therefore consider whether N.Y.P.L. § 263.05 is divisible, by analyzing the discrete offenses independently. If they yield different results, the statute is divisible (and the additional steps under the modified categorical approach must be undertaken); otherwise, the statute is indivisible and our inquiry is complete.

---

[4] We have recently discussed three potential approaches without selecting one. See Lanferman v. Bd. of Immigration Appeals, 576 F.3d 84, 90-92 (2d Cir. 2009); Dulal-Whiteway, 501 F.3d at 126-28.

8

**II**

Since the BIA has no interpretive responsibility over a state criminal statute, we review de novo its interpretation of the New York Penal Law. See Michel v. INS, 206 F.3d 253, 262 (2d Cir. 2000). Oouch was convicted under N.Y.P.L. § 263.05, which consists of [i] a "preliminary clause," [ii] a "general clause," and [iii] a "parental clause":

> **[i]** A person is guilty of the use of a child in a sexual performance if knowing the character and content thereof **[ii]** he employs, authorizes or induces a child less than seventeen years of age to engage in a sexual performance or **[iii]** being a parent, legal guardian or custodian of such child, he consents to the participation by such child in a sexual performance.

We consider the general and parental clauses in turn.

**A**

As to the general clause, we consider whether the types of performances, the conduct that is criminalized, and the required mental state are all equivalent to or narrower than their corollaries in the BIA's interpretation.

A "sexual performance" under the N.Y.P.L. is one that exhibits "sexual conduct."[5] See § 263.00(1). Under the

---

[5] "Sexual conduct" is defined as

9

federal statute, "sexual abuse" entails "sexually explicit conduct." See 18 U.S.C. § 3509(a)(8).[6] Each category of "sexual conduct" under New York law is subsumed in the federal definition of "sexually explicit conduct."[7] The

---

> actual or simulated sexual intercourse, oral sexual conduct, anal sexual conduct, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.

See N.Y.P.L. § 263.00(3).

[6] "Sexually explicit conduct" is defined as:

> [A]ctual or simulated--
>
> (A) sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or of opposite sex; sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person;
> (B) bestiality;
> (C) masturbation;
> (D) lascivious exhibition of the genitals or pubic area of a person or animal; or
> (E) sadistic or masochistic abuse

See 18 U.S.C. § 3509(a)(9).

[7] To avoid a recursive definition, two subparts of sexual conduct--oral sexual conduct and anal sexual conduct --are defined by reference to N.Y.P.L. § 130.00(2). See § 263.00(7). These definitions in § 130.00(2) are covered by the corresponding terms described in 18 U.S.C. § 3509(a)(9)(A).

10

state law therefore does not cover any performances not covered by the federal definition of "sexually explicit conduct" from the BIA's interpretation.

Similarly, the conduct that triggers liability under the general clause--employing, authorizing, or inducing[8]--is subsumed in the broader range of prohibited actions in the federal statute.[9] Oouch argues that the state statutory text prohibits conduct that is not specifically included in the federal statutory text: to "authorize" a sexual performance. However, the BIA has cautioned that its reference to 18 U.S.C. § 3509(a) was intended as a guide

---

[8] The relevant text from N.Y.P.L. § 263.05:

> A person is guilty of the use of a child in a sexual performance if knowing the character and content thereof *he employs, authorizes or induces* a child less than seventeen years of age to engage in a sexual performance or being a parent, legal guardian or custodian of such child, he consents to the participation by such child in a sexual performance. (emphasis added)

[9] Section 3509(a)(8) states:

> [T]he term "sexual abuse" includes the *employment, use, persuasion, inducement, enticement, or coercion* of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children. (emphasis added)

11

rather than a definitive standard. Rodriquez-Rodriquez, 22 I. & N. Dec. at 996. Section 3509(a) itself defines "sexual abuse" by non-exhaustive inclusion, dictating that "the term 'sexual abuse' *includes* the employment, use . . . ." (emphasis added). Moreover, to "authorize" a child to engage in a sexual performance has the same effect as "employing" or "inducing" the child to perform because the law does not view minors as autonomous actors. A person in a position to "authorize" a child's conduct has a degree of control (other than as a parent, guardian, or legal custodian) tantamount to control by employment or inducement. It is the element of control that makes the performance more likely to occur when a defendant is offering or pimping the child as a participant. In view of these shared characteristics and the guidance from the list of prohibited actions in the federal statutory text, an act "authorizing" a child to engage in a sexual performance constitutes "sexual abuse of a minor" consistent with Congress's intent to define that term expansively and comprehensively. See Rodriquez-Rodriquez, 22 I. & N. Dec. at 994 (recognizing that Congress's intent in adding § 1101(a)(43)(A) was "to expand the definition of an

aggravated felony and to provide a comprehensive statutory scheme to cover crimes against children").

We must also consider whether the mental state requirement of the general clause accords with the requirement in the federal statute. In Leocal v. Ashcroft, the Supreme Court concluded that a conviction under a Florida statute for causing bodily harm while driving under the influence could not constitute the aggravated felony of a "crime of violence." 543 U.S. 1, 5-6 (2004). It reasoned that a "crime of violence" entailed a higher degree of intent than mere negligent conduct, while the state statute required no proof of any mental state. Id. Although the decision hinged upon a specific interpretation of a "crime of violence" rather than "sexual abuse of a minor," it counsels caution when a state statute has a lesser mental state requirement.

The general clause of N.Y.P.L. § 263.05 has a heightened mental state requirement, because it follows directly the "knowing the character and content thereof" wording from the preliminary clause. This mental state is fully as stringent as the mental state implied by the actions enumerated in the federal statutory text.

13

Because the relevant attributes of the general clause (the types of performances, the conduct that is criminalized, and the required mental state) all cover an equivalent or narrower range of conduct than the BIA's interpretation, the general clause categorically constitutes "sexual abuse of a minor."

**B**

The parental clause is more complicated. The statute is ambiguous as to whether the requirement of "knowing the character and content thereof" also applies to the parental clause. See Gonzalez v. Ashcroft, 369 F. Supp. 2d 442, 449-51 (S.D.N.Y. 2005) (recognizing and analyzing ambiguity). The Gonzalez opinion argued that the grammar of the statute militated against the conclusion that the parental clause requires awareness of the nature of the performance. Id. at 454. It followed that the statute criminalized conduct beyond "sexual abuse of a minor," and therefore did not constitute an aggravated felony. Id.

We conclude that the phrase "knowing the character and content thereof" applies as well to the parental clause. First, a reading of the parental clause in conjunction with

14

the preliminary clause yields a coherent (if not exemplary) English sentence:

> A person is guilty of the use of a child in a sexual performance if knowing the character and content thereof . . . being a parent, legal guardian or custodian of such child, he consents to the participation by such child in a sexual performance.

Second, if the mental state requirement is read out of the parental clause, there would be serious constitutional concerns about felony liability for caretakers who were unaware of the nature of the performance consented to. Offenses that require no mens rea are disfavored, and some indicium of legislative intent for strict liability is generally required before dispensing with mens rea as an element. Staples v. United States, 511 U.S. 600, 606-07 (1994); see United States v. Alameh, 341 F.3d 167, 175 (2d Cir. 2003) (declining to limit "knowledge" mental state to only one clause of naturalization provision 18 U.S.C. § 1425(b)). The New York legislature provides specific guidance that when a penal statute contains only one mental state requirement, "it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears." N.Y.P.L. § 15.15(1). In view of these concerns and the absence of any clear legislative intent for

15

strict liability, we have little trouble concluding that the legislature intended the mental state to apply to the parental clause.

Third, we disagree with the Gonzalez court's analysis. Gonzalez rejected the reading we adopt, reasoning that this interpretation penalizes only conduct already penalized by the general clause, thereby rendering the parental clause superfluous. See Gonzalez, 369 F. Supp. 2d at 450. At a minimum, the plain wording draws two distinctions that redeem the parental clause from mere surplusage. The action penalized by the parental clause--to "consent"--does not appear in the general clause; although the general clause includes the similar act of "authoriz[ing]," there is no reason to conclude that the two terms are necessarily coterminous. (The power of consent would seem to be lodged only in a person who is a parent, or in a parent's place.) Furthermore, the general clause prohibits acts relating to "engage[ment]" in a sexual performance, whereas the parental clause uses the arguably broader word "participation." We defer to New York courts to illuminate these distinctions; for our purposes it suffices that they describe conduct criminalized by the parental clause but not the general

16

clause.

Fourth, although New York cases do not illuminate the requisite mental state for the parental clause, other state materials (in the margin[10]) suggest the "knowing the character and content thereof" standard applies. These sources counsel against recognizing a mens rea disparity in an unfamiliar state statute where none is required or recognized in practice.

Finally, even if the legislature intended the "knowing" requirement to apply only to the general clause, the act of "consent" in the parental clause presumes awareness of the nature of the performance: One cannot consent fully to a sexual performance if the nature of the performance is unknown. The Supreme Court reached a similar conclusion in Leocal.[11]

---

[10] Practice commentary (written by a New York State judge) accompanying the statute indicates that the mental state applies across the entire statute. See William C. Donnino, Practice Commentary, appended to N.Y.P.L. § 263.00 (McKinney's 2008). Moreover, a model jury charge for the parental clause includes "knew the character and content of the performance" as an element. See Howard G. Leventhal, 2 Charges to Jury & Requests to Charge in Crim. Case in N.Y. § 70:33.

[11] It reasoned that, in light of the context and surrounding terms, the word "use" provided an implicit mens rea element, requiring a higher degree of intent than

17

Having established that the parental clause has a knowledge requirement equivalent or comparable to the general clause, a conviction under the parental clause is an aggravated felony for the same reasons as the general clause.

**III**

Oouch argues that the conduct criminalized by N.Y.P.L. § 263.05 is described more closely by the category of aggravated felony in 8 U.S.C. § 1101(a)(43)(I): offenses relating to child pornography.  He asserts that § 263.05 does not categorically constitute a child pornography offense for purposes of 8 U.S.C. § 1101(a)(43)(I).  This argument is irrelevant.  The document that initiated Oouch's removal specified 8 U.S.C. § 1101(a)(43)(A) as the only basis for removal.  The choice of grounds for removal is an unreviewable exercise of prosecutorial discretion.  See 8 U.S.C. § 1252(g); Ali v. Mukasey, 524 F.3d 145, 150 (2d Cir. 2008).  Even if the offense were described more aptly as

---

"negligent or merely accidental conduct."  543 U.S. at 9; see also People v. Velasquez, 528 N.Y.S.2d 502, 503 (Sup. Ct. 1988) (interpreting "knowingly" mental state for possession of a defaced firearm statute to apply to both possession and defacement elements).

18

child pornography, it constitutes "sexual abuse of a minor" and that is a proper ground for removal.

## CONCLUSION

The state statute, N.Y.P.L. § 263.05, is not divisible, and any conviction under it categorically constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) for purposes of removal for an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Having concluded, under 8 U.S.C. § 1252(a)(2)(D), that N.Y.P.L. § 263.05 was properly interpreted as an aggravated felony, it follows that we lack jurisdiction to review the removability order. See § 1252(a)(2)(C). The petition for review is therefore dismissed.