# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 7, 2011

Lyle W. Cayce
Clerk

No. 10-60799
Summary Calendar

STEVE ANTHONY ALLEN, also known as Steve Allen,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 749 647

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Steve Anthony Allen, a citizen of Jamaica, petitions for review of the decision of the Board of Immigration Appeals (BIA) finding him removable and ineligible for cancellation of removal because of his conviction of an aggravated felony offense. Allen was convicted in New York of criminal sale of marijuana in the fourth degree, pursuant to section 221.40 of the New York Penal Law.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60799

Allen contends that we should apply a purely categorical approach to determine whether his state conviction constitutes an aggravated felony, as opposed to the modified categorical approach employed by this court. He contends that the police-written misdemeanor complaint in the record is inadequate under *United States v. Shepard,* 544 U.S. 13 (2005), to prove that he committed criminal sale of marijuana in such a way as to qualify his conviction as an aggravated felony. He claims that his right to due process was violated by his transfer to Texas, as Fifth Circuit law is less favorable to him than the law of the Second and Eleventh Circuits.

We continue to apply the modified categorical approach to classify convictions arising under divisible statutes. *See Nolos v. Holder,* 611 F.3d 279, 285 (5th Cir. 2010). Allen failed to exhaust his *Shepard* contention before the BIA; we lack jurisdiction to consider that contention. *See Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009). The documents relevant to Allen's state court conviction indicate that he sold marijuana for remuneration; he thus committed an aggravated felony, rendering him removable and ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3); 21 U.S.C. § 841(b)(1)(D), (b)(4).

Moreover, Allen cannot demonstrate that he suffered any prejudice as a result of his transfer to detention in Texas. *See Bolvito v. Mukasey,* 527 F.3d 428, 438 (5th Cir. 2008). The Second and Eleventh Circuits both recognize the validity of the modified categorical approach that we employ. *See Accardo v. U.S. Att'y Gen.,* 634 F.3d 1333, 1335-36 (11th Cir. 2011); *Oouch v. DHS,* 633 F.3d 119, 122 (2d Cir. 2011).

PETITION DENIED.