12-846-ag
Ingleton v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
           PETER W. HALL,
                    *Circuit Judges*.

-----------------------------------------------------------------------------------

PETER ANTONIO INGLETON,
                    *Petitioner*,

               v.                                  No. 12-846-ag

ERIC H. HOLDER, Jr., United States Attorney General,
                    *Respondent*.

-----------------------------------------------------------------------------------

APPEARING FOR PETITIONER:    RACHEL PECKER (Betsy Ginsberg, Esq., Ryan Brewer, Law Student, *on the brief*), Law Student, Kathryn O. Greenberg Immigration Justice Clinic, Benjamin N. Cardozo School of Law, New York, New York.

APPEARING FOR RESPONDENT:    JASON WISECUP (Stuart F. Delery, Luis E. Perez, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

Petition for review of a Board of Immigration Appeals order.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order issued on February 9, 2012, is DISMISSED IN PART and DENIED IN PART.

Peter Antonio Ingleton, a citizen of the United Kingdom, petitions for review of a Board of Immigration Appeals ("BIA") order affirming the order of an immigration judge ("IJ") finding him removable from the United States under the Immigration and Nationality Act ("INA"). See 8 U.S.C. § 1101 et seq. Ingleton challenges (1) the determination that his New York conviction for insurance fraud, see N.Y. Penal Law § 176.25, constitutes an aggravated felony under the INA, see 8 U.S.C. §§ 1101(a)(43), 1227(a)(2)(A)(iii); and (2) the denial of his motion for remand to seek a waiver of removal under INA § 212(h), see id. § 1182(h). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss in part and deny in part the petition for review.

1.    Aggravated Felony

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." We have jurisdiction to review de novo "whether a specific conviction constitutes an aggravated felony." Pierre v. Holder, 588 F.3d 767, 772 (2d Cir. 2009).

2

Generally, we have applied "either a categorical or a modified categorical approach to determine whether a specific crime" qualifies as an aggravated felony under the INA. Akinsade v. Holder, 678 F.3d 138, 143–44 (2d Cir. 2012) (internal quotation marks omitted). Under the categorical approach, we look "only to the elements of the offense of conviction and not to the factual circumstances of the crime." Id. at 144 (internal quotation marks omitted). "By contrast, where a statute is divisible, such that some categories of proscribed conduct render an alien removable and some do not, application of a modified categorical approach is appropriate." Id. (internal quotation marks omitted); see United States v. Beardsley, 691 F.3d 252, 268 (2d Cir. 2012) (stating that statute is divisible where "predicate and non-predicate offenses" are "listed in separate subsections or a disjunctive list"). Under the modified categorical approach, we may refer to the "record of conviction," including the indictment, to ascertain "whether a petitioner's conviction was under the branch of the statute that proscribes removable offenses." Akinsade v. Holder, 678 F.3d at 144 (internal quotation marks omitted). Where a conviction is based on a guilty plea, we may "rely only upon facts to which a defendant necessarily pleaded in order to determine the type of conduct that represented the basis of an alien's conviction." Id. (internal quotation marks omitted).

New York Penal Law § 176.25 states that a "person is guilty of insurance fraud in the second degree when he commits a fraudulent insurance act and thereby wrongfully takes, obtains or withholds, or attempts to wrongfully take, obtain or withhold property with a value in excess of fifty thousand dollars." We assume, as Ingleton argues, that this statute is

divisible, and we thus proceed under the modified categorical approach. See id. at 145 (assuming statute's divisibility).

Count 35 of the indictment, to which Ingleton pleaded guilty, charges that he violated § 176.25 by committing "a fraudulent insurance act, namely, a false claim on [a] Liberty Mutual automobile insurance policy." Indict. 26, Certified Admin. Record ("CAR") 195. Neither the indictment nor any other record evidence establishes whether Liberty Mutual paid Ingleton's false claim. Thus, it is unclear whether Ingleton violated the statute by (1) wrongfully taking or obtaining property with a value in excess of fifty thousand dollars from Liberty Mutual or (2) attempting wrongfully to take or obtain such property.[1] No matter. Whether Ingleton was convicted of a substantive or attempted crime under § 176.25, his offense is an aggravated felony under the INA. See 8 U.S.C. § 1101(a)(43)(M)(i) (identifying offense involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000" as an aggravated felony); id. § 1101(a)(43)(U) (making it aggravated felony to attempt to commit offense under subsection (M)(i)); see also Pierre v. Holder, 588 F.3d at 773, 775 (stating that subsections (M)(i) and (U) provide separate definitions of aggravated felony and, respectively, require actual or intended loss to victim in excess of $10,000).

---

[1] By filing a false insurance claim, Ingleton would not have withheld or attempted to withhold property in violation of N.Y. Penal Law § 176.25. See Webster's 3d New Int'l Dictionary 2627 (1986) (defining "withhold" as "to desist or refrain from granting, giving, or allowing"). Accordingly, we need not decide here whether a conviction for such conduct constitutes an aggravated felony under the INA.

In urging otherwise, Ingleton argues that the BIA denied him due process by sua sponte invoking § 1101(a)(43)(U). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Here, even if Ingleton is correct about the BIA's invocation of § 1101(a)(43)(U), he fails to show how that action "prejudiced the outcome of his case," because "[n]one of the additional procedural protections he demands" could have altered the conclusion that his conviction is an aggravated felony under either § 1101(a)(43)(M)(i) or (U). Id.

This case is, therefore, distinguishable from Pierre v. Holder, 588 F.3d 767 (2d Cir. 2009), in which we concluded that a petitioner was prejudiced by the BIA's sua sponte invocation of § 1101(a)(43)(U) in violation of her due process rights. See id. at 776–77. Because petitioner in that case was convicted of bank fraud under a federal statute without a monetary threshold, see id. at 773 (citing 18 U.S.C. § 1344), it was conceivable that her conviction did not satisfy the $10,000 intended-loss threshold, see id. (stating that, under Nijhawan v. Holder, 557 U.S. 29, 40 (2009), specific circumstances of crime must be evaluated to ascertain whether monetary threshold is met). Petitioner thus was prejudiced by her inability to argue to the IJ and BIA that her crime did not constitute an aggravated felony under § 1101(a)(43)(U). See id. at 777. Here, Ingleton does not, and cannot, argue that his conviction under N.Y. Penal Law § 176.25, which has a $50,000 monetary threshold,

5

fails to satisfy § 1101(a)(43)(U)'s $10,000 intended-loss threshold. Nor does he offer any basis for concluding that § 1101(a)(43)(U) is otherwise inapplicable in this case. We therefore identify no prejudice to Ingleton arising from the BIA's <u>sua sponte</u> invocation of that statutory provision. See <u>Garcia-Villeda v. Mukasey</u>, 531 F.3d at 149 ("Our role is to provide relief to claimants who have suffered actual harm." (alterations and internal quotation marks omitted)).[2]

Accordingly, we conclude that the BIA did not err in determining that Ingleton was convicted of an aggravated felony and that he is, therefore, removable under the INA. It follows that we lack jurisdiction over Ingleton's petition insofar as it challenges that determination. See <u>Oouch v. U.S. Dept. of Homeland Sec.</u>, 633 F.3d 119, 126 (2d. Cir. 2011). That portion of his petition thus is dismissed.

---

[2] Moreover, in <u>Pierre</u>, the government "expressly disavowed any reliance on subsection U as a basis for finding [petitioner] removable," and thus petitioner "had no reason to defend against such a charge in front of the IJ." 588 F.3d at 776. By contrast, although the government never charged Ingleton as removable under § 1101(a)(43)(U), before the IJ, it explained its position that Ingleton was removable under both subsections (M)(i) and (U) of § 1101(a)(43), stating: "[N]o matter how you look at it, Your Honor, . . . it's an aggravated felony, either for attempt or . . . for committing fraud with a loss in excess of $10,000 and the consequences that flow from an aggravated felony would be the same" under either subsection. Hr'g Tr. 51:4–9, CAR 112.

2.    <u>Waiver of Removal</u>

Ingleton argues that the BIA erroneously denied him the opportunity to seek a waiver of removal under INA § 212(h).  <u>See</u> 8 U.S.C. § 1182(h).  Because Ingleton raised his § 212(h) claim for the first time on appeal to the BIA, the BIA construed that claim as a motion to remand.  <u>See</u> 8 C.F.R. § 1003.1(d)(3)(iv).  We have jurisdiction to review the BIA's denial of a motion to remand for abuse of discretion.  <u>See</u> <u>Cao v. U.S. Dep't of Justice</u>, 421 F.3d 149, 157 (2d Cir. 2005).  We identify no such abuse here.

The Attorney General has discretion to award a § 212(h) waiver, <u>inter alia</u>, for "extreme hardship" to a U.S. citizen spouse or child caused by an alien's deportation. 8 U.S.C. § 1182(h)(1)(B).  Such relief, however, is "exceptional" and "[e]xtreme hardship in the context of a § 212(h) waiver has been construed quite narrowly."  <u>United States v. Fernandez-Antonia</u>, 278 F.3d 150, 161 (2d Cir. 2002) (internal quotation marks omitted). Because "[m]ost, if not all, deportations involve some type of family hardship," to secure a § 212(h) waiver, a petitioner must show hardship beyond the emotional or financial tribulations that typically result from separation of a family.  <u>Id.</u>

"The BIA has broad discretion to deny a motion to remand grounded on new evidence."  <u>Cao v. U.S. Dep't of Justice</u>, 421 F.3d at 156 (internal quotation marks omitted). Permissible reasons to deny such a motion include the movant's failure to make out a <u>prima facie</u> case for the relief sought.  <u>See</u> <u>id.</u>  In support of his request for a § 212(h) waiver, Ingleton points out that he has been a resident in the United States for 20 years, that he has

7

been married to a U.S. citizen for 10 years, and that he has a son who is a U.S. citizen. These facts, standing alone, do not indicate extreme hardship. See United States v. Fernandez-Antonia, 278 F.3d at 161. Insofar as Ingleton argues that the IJ denied him the opportunity fully to develop the record of family hardship, nothing prevented him from submitting additional evidence either to the BIA or this court to demonstrate that further record development would have made a stronger claim of extreme hardship. Indeed, it was his burden to do so. See Cao v. U.S. Dep't of Justice, 421 F.3d at 157–58. Thus, because Ingleton has failed to adduce facts indicating that an "uncommon or extraordinary familial difficulty" will result from his removal, United States v. Fernandez-Antonia, 278 F.3d at 161, we conclude that the BIA did not abuse its discretion in denying his motion to remand.[3] Ingleton's petition is, therefore, denied to the extent it challenges the BIA's denial of his motion.

We have considered Ingleton's remaining arguments and conclude that they are without merit. The petition for review of the BIA's order is DISMISSED IN PART and DENIED IN PART.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] In light of this holding, we need not address Ingleton's claims that the BIA erred in concluding that he (1) waived his opportunity to seek § 212(h) relief before the IJ; (2) was barred from seeking § 212(h) relief because he was convicted of an aggravated felony; and (3) did not set forth a basis for an adjustment of status.